Nicholas S. STAIB, Plaintiffs,

v.

**VAUGHN INDUSTRIES, INC., et al., Defendants.**

**No. 3:01CV7169.**

United States District Court,
N.D. Ohio,
Western Division.

Oct. 31, 2001.

Barry W. Fissel, Eastman & Smith, Joseph M. D'Angelo, Cosme, D'Angelo & Szollosi, Matthew A. Szollosi, Cosme, D'Angelo & Szollosi, Scott D. Newsom,

Eastman & Smith, Toledo, OH, for Plaintiff.

Evelyn P. Schonberg, Ross, Brittain & Schonberg, Fred Seleman, Ulmer & Berne, Cleveland, OH, Kenneth M. Haneline, Kastner, Westman & Wilkins, Akron, OH, for Defendants.

## ORDER

CARR, District Judge.

This is an ERISA case in which plaintiff has filed a motion for partial summary judgment and issuance of an injunction. Plaintiff seeks to compel production of certain documents relating to the defendant's Voluntary Employee Beneficiary Association (VEBA). For the reasons which follow, the plaintiff's motion shall be denied, without prejudice, pending further discovery.

The dispute leading to the instant motion began when plaintiff requested certain documents which he was entitled to receive under ERISA. Defendant agreed to produce the documents, but conditioned their delivery on plaintiff's signing a protective order. Plaintiff refused to sign the protective order, and sued, inter alia, to compel production of the documents. An order compelling their production without the precondition of signing a protective order was entered in plaintiff's favor shortly after he filed this suit.

Now plaintiff seeks to obtain production of additional documents.

Section 1024(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), provides:

> The Administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description and the latest annual report, and a terminal report, the bargaining agreement, trust agreement, contract or other instruments under which the plan is established or operated.

In *Allinder v. Inter–City Products Corp.*, 152 F.3d 544, 549 (6th Cir.1998), the Sixth Circuit held that "other instruments," as used in § 1024(b)(4) "was meant to refer to documents that provide or contain information concerning the terms and conditions of the participant's policy."

Plaintiff seeks five kinds of documents: 1) insurance contracts; 2) the plan's funding and investment policies; 3) summary and annual reports for the past six years; 4) actuarial reports; and 5) prevailing wage documents.

■ Plaintiff's first request is for production of insurance contracts. Under § 1024(b)(4) the plaintiff is entitled to receive the insurance contracts under which the plan is established or administered. These documents have been produced, albeit their production was delayed. Such delay, according to defendant, was due to inadvertence on the part of the VEBA's record keeper. Production having been accomplished, this request is moot, and plaintiff's motion for summary judgment and motion for an injunction as to these documents shall be denied.

■ Plaintiff next seeks documents relating to the plan's funding and investment policies. The defendant has submitted an affidavit stating that the plan has no written funding or investment policies. In response, plaintiff's brief speculates that the plan "must have funding and investment policies; otherwise its funding decisions would be arbitrary."

The plan's Trust Agreement, which plaintiff has previously received, grants authority to the trustees to hold and invest property for the plan's benefit. The Agreement does not require the trustees to adopt written investment policies.

Defendant has submitted a sworn affidavit stating that the requested materials do

716

not exist. There is no reason, aside from plaintiff's speculative assertions, to doubt defendant's sworn statements. I cannot order production of something that does not exist.

Plaintiff's motion for partial summary judgment and an injunction shall be denied as to these documents, without prejudice to conduct further discovery, by way of deposition as to this issue, as may be appropriate.

 Plaintiff's third request is for production of summary reports and annual reports for the past six years. He already has received the most recent of such reports. By its own terms, § 1024(b)(4) mandates production only of "a copy of the latest updated summary plan description and the latest annual report." Though past reports must be kept for up to six years, the statute's limitation of compulsory production to the most recent reports indicates that Congress did not intend to require production of earlier years.

Moreover, the Sixth Circuit has held that a plan sponsor or administrator is "under no ERISA-mandated duty to furnish" reports other than the most recent report. *Hughes v. K–Mart Corp.*, 983 F.2d 1066, 1993 WL 11830, *10 (6th Cir. 1993) (Unpublished disposition).

Plaintiff's fourth request is for production of actuarial reports. As with the plan's investment and funding policies, the plan has submitted a sworn statement that no such reports exist. It cannot, accordingly, be compelled to produce that which it does not have. If further discovery reveals that documents of the sort being sought in fact exist, plaintiff can renew this request.

Plaintiff's final request is for prevailing wage documents. That request has been withdrawn, without prejudice to renew in the event that such appears appropriate.

In light of the foregoing, it is

ORDERED THAT plaintiff's motion for partial summary judgment and entry of an injunction be, and the same hereby is denied.

So ordered.